UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Buster Cooper,  Civil No. 12-337 (JNE/FLN)

    Plaintiff,

    v.  **REPORT AND RECOMMENDATION**

Carnegie Mortgage LLC,
Wells Fargo Bank, N.A.,

    Defendants.

_____

Buster Cooper, pro se.
Barbara Ross for Defendant Carnegie Mortgage, LLC.
D. Charles Mcdonald & Trista M. Roy for Defendant Wells Fargo Bank, N.A.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 27, 2012 on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (ECF No. 7) and Defendant Carnegie Mortgage LLC's Motion for Summary Judgment (ECF No. 16).[1] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (ECF No. 22.) For the reasons set forth below, the Court recommends that Defendants' motions be **GRANTED**.

### I. BACKGROUND

On June 10, 2010, Plaintiff Buster Cooper purchased a house at 1501 Morgan Avenue N., Minneapolis, MN. Compl. ¶ 8, ECF No. 1. He executed a promissory note in favor of Defendant

---

[1] Carnegie Mortgage filed its motion for summary judgment pursuant to Rules 12(b)(6) and 56(a). *See* ECF No. 16 at 1. As the Court has not considered any facts outside the pleadings other than those contained in the public record, it elects to treat Carnegie's motion as one to dismiss under Rule 12(b)(6).

Carnegie Mortgage, LLC in the amount of $117,826.00, secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* ¶ 11. Cooper defaulted on his mortgage loan. *Id.* ¶ 14. MERS assigned the mortgage to Wells Fargo on April 22, 2011. *Id.* ¶ 13. The assignment was recorded less than a week later. Wells Fargo Appendix at 13, ECF No. 13. On May 25, 2011, Wells Fargo filed a Notice of Pendency and Power of Attorney to foreclose. Compl. ¶ 14. The property was sold at a sheriff's sale on July 8, 2011. Wells Fargo Appendix at 16-17. The sheriff's certificate of sale was recorded on July 11, 2011. Compl. ¶ 15.

## II.   ANALYSIS

### A.   Standard of review

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, a court may consider facts in the public record and materials necessarily embraced by the pleadings without converting the motion to one for summary judgment. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B. Count I fails to state a claim upon which relief can be granted.

Cooper alleges in Count I that Carnegie Mortgage, LLC charged him lender fees in excess of 5% in violation of Minn. Stat. § 58.137, subd. 1. That subdivision, however, does not apply to "residential mortgage loans which are insured or guaranteed by . . . [among other things] the secretary of housing and urban development. . . ." *See* Minn. Stat. § 58.137, subd. 1. Cooper's mortgage loan was insured by the Federal Housing Administration, a division of the Department of Housing and Urban Development, so Minn. Stat. § 58.137, subd. 1 does not apply. Gillespie Aff., Ex. A. at 1. Even if it did, the settlement statement conclusively shows that Carnegie Mortgage did not charge Cooper more than 5% in lender fees. *Id.* Consequently, Count I fails to state a claim upon which relief can be granted.

### C. Count II must be dismissed because Cooper fails to allege enough facts to support a plausible claim to relief.

Cooper alleges in Count II that Defendant Wells Fargo committed the tort of slander of title. A slander of title claim requires proof of four elements: (1) a false statement concerning real property

3

owned by the plaintiff (2) that was published to others (3) maliciously and (4) caused plaintiff pecuniary loss in the form of special damages. *See Hayes-Broman v. J.P. Morgan Chase Bank, N.A.*, 724 F.Supp. 2d 1003, 1016 (D. Minn. 2010) (JNE/JJG).

Cooper does not identify what false statement Wells Fargo made nor does he allege any facts upon which the Court could conclude that Wells Fargo acted maliciously. *See* Compl. ¶¶ 19-22; *see also Brickner v. One Land Development Co.*, 742 N.W.2d 706, 711-12 (Minn. App. 2007) (defining malice as a "reckless disregard concerning the truth or falsity of a matter . . . despite a high degree of awareness of probable falsity or entertaining doubts as to its truth"). Although paragraph 21 contains a reference to a false statement in a newspaper, Cooper does not identify the specific statement he alleges was false. *See* Compl. ¶ 21. Cooper also does not allege what pecuniary loss he suffered in the form of special damages. Without these facts, Count II does state a plausible claim upon which relief can be granted.

    **D.**    **Counts III and IV must be dismissed because the public record conclusively shows the mortgage foreclosure was lawfully conducted.**

Cooper alleges in Counts III and IV that Defendant Wells Fargo failed to comply with the statutory requirements for foreclosure by advertisement. More specifically, Cooper appears to allege that (1) the notice of foreclosure sale failed to properly identify the mortgagee and/or assignee of the mortgage and (2) that the assignment from MERS to Wells Fargo was not recorded. *See* Compl. ¶¶ 24-27.

Minn. Stat. § 580.02 sets forth four requirements for a foreclosure: (1) a default on the mortgage; (2) no ongoing judicial proceeding to recover the debt secured by the mortgage; (3) the mortgage (and all assignments thereof) have been recorded, and (4) the foreclosing party has

provided the homeowner with notice of foreclosure prevention counseling and otherwise complied with Minn. Stat. § 580.021.

Cooper admits he defaulted on his mortgage. Compl. ¶ 14. There were no judicial proceedings instituted to recover the debt secured by the mortgage, as confirmed by the sheriff's certificate. Wells Fargo Appendix at 23. The public records show that the mortgage was granted to MERS as nominee for Carnegie on June 10, 2010 and recorded on June 25, 2010. *Id* at 3-12. The assignment from MERS to Wells Fargo occurred on April 22, 2011 and was recorded six days later. *Id* at 13-15. Finally, the sheriff's certificate of sale shows that Wells Fargo complied with all pre-foreclosure requirements, including Minn. Stat. § 580.021. *See* Wells Fargo Appendix at 23; *see also* Minn. Stat. § 580.19 (sheriff's certificate of sale is prima facie evidence of compliance with foreclosure sale requirements).

Cooper admits that he received notice of the foreclosure. *See* Compl. ¶ 25. The only remaining allegation, then, is that the notice contained in the advertisement was somehow deficient. The notice requirements are set forth in Minn. Stat. § 580.04. The Court has reviewed the advertisement and concludes that it complies with that statute. *See* Wells Fargo Appendix at 23. Because the public record conclusively shows that the mortgage was lawfully conducted, Counts III and IV fail to state a plausible claim upon which relief can be granted.

> E. **Count V must be dismissed because Cooper has not alleged sufficient facts to support a plausible claim to relief.**

Cooper seeks declaratory relief in Count V, namely a declaration that "the contract is void and unenforceable pursuant to Minn. Stat. §§ 555 et seq." Cooper, however, does not identify which contract is void and unenforceable nor does he allege any facts upon which the court could conclude

5

that any of the contracts at issue in this case are void and unenforceable. Consequently, Count V fails to state a claim upon which relief can be granted.

### III. CONCLUSION

The Court concludes that Counts I through V must be dismissed pursuant to Rule 12(b)(6) because Cooper has failed to state a claim upon which relief can be granted.[2]

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (ECF No. 7) should be **GRANTED**;

2. Defendant Carnegie Mortgage LLC's Motion for Summary Judgment (ECF No. 16) should be **GRANTED**;

3. The complaint should be **DISMISSED WITH PREJUDICE**.

4. The Court should enter judgment accordingly.

DATED: May 1, 2012                           *s/ Franklin L. Noel*

                                                                                                   FRANKLIN L. NOEL
                                                                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 15, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within

---

[2] Cooper did not appear at the hearing and did not file a response to these motions. Cooper also did not appear at Rule 26(f) conference. Cooper's failure to prosecute his claims provides an additional reason for dismissing the case.

fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 15, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.